# EXHIBIT 1

5/18/19

```
                                          Receipt Number: 791231
                                          Tracking Number: 73623840
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 2019-32078

EML

| | |
|---|---|
| PLAINTIFF: GERALD H PHIPPS INC (D/B/A GH PHIPPS CONSTRUCTION CO) | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: MCVEIGH, BRUCE W | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: PATEL, DHARMESH
11002 GREENBAY STREET
HOUSTON TX 77024

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES.
This instrument was filed on May 7, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May 13, 2019.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHARLIE KEYS

Issued at request of:
Norman, Lisa
1885 SAINT JAMES PLACE, 15TH FLOOR
HOUSTON, TX  77056
713-850-4200

Bar Number: 24037190

Tracking Number: 73623840

CAUSE NUMBER: 2019-32078

EML

| | |
|---|---|
| PLAINTIFF: GERALD H PHIPPS INC (D/B/A GH PHIPPS CONSTRUCTION CO) | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: MCVEIGH, BRUCE W | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____          By: _____
         Affiant                                  Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
                                                  Notary Public

5/7/2019 8:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33386701
By: Nelson Cuero
Filed: 5/7/2019 8:55 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD H. PHIPPS, INC. D/B/A<br>GH PHIPPS CONSTRUCTION CO.,<br>    Plaintiff | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| BRUCE W. MCVEIGH, Individually;<br>TENSIE AXTON, Individually;<br>ANDY CHEN, Individually;<br>CYRIL GILLMAN, Individually;<br>DHARMESH PATEL, Individually;<br>HITESH PATEL, Individually;<br>SETUL G. PATEL, Individually;<br>THOMAS G. GRUENERT, Individually;<br>LAUREN A. COTTON, Individually;<br>MAUREEN L. FUHRMANN, Individually;<br>PAUL ALLEYNE, Individually;<br>MICHAEL CHANG, Individually;<br>QUANG HENDERSON, Individually; and<br>JAMES THOMPSON, Individually,<br>    Defendants | § § § § § § § § § § § § § § § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, GERALD H. PHIPPS, INC. D/B/A GH PHIPPS CONSTRUCTION CO. (referred to herein as "GH Phipps" or "Plaintiff"), and files this ORIGINAL PETITION and in support thereof would show as follows:

### DISCOVERY CONTROL PLAN

1.  In accordance with Tex. R. Civ. P. 190.2, the Plaintiff designates this case as a level II case.

4955.1

## MONETARY RELIEF

2. In accordance with Tex. R. Civ. P. 47(c), Plaintiff currently seeks monetary relief of more than $100,000.

## PARTIES

3. Plaintiff GERALD H. PHIPPS, INC. D/B/A GH PHIPPS CONSTRUCTION CO. ("GH Phipps") is a Colorado corporation authorized to do business in Texas with a registered agent located at Corporation Service Company d/b/a CSC-Lawyers, Inc., at 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. Defendant BRUCE W. MCVEIGH is an individual who resides in Texas and all times relevant to this action was Chief Operating Officer and a Director of Neighbors Health, LLC, and he may be served with process at 35 Adrianna Path Drive, Missouri City, Fort Bend County, Texas 77459, or anywhere where he may be found.

5. Defendant TENSIE AXTON is an individual who resides in Texas and at all times relevant to this action was the Chief Financial Officer or agent of Neighbors Health, LLC. Upon information and belief, Defendant TENSIE AXTON is a Texas citizen residing in Harris County, and she may be served with process at 6010 Blossom Street, Houston, Harris County, Texas 77007, or anywhere where she may be found.

6. Defendant ANDY CHEN is an individual who resides in Texas and at all times relevant to this action was Director of Neighbors Health, LLC, and he may be served with process at 93 N. 3rd Street, Bellaire, Harris County, Texas 77401, or anywhere where he may be found.

7. Defendant CYRIL GILLMAN an individual who resides in Texas and at all times relevant to this action was Officer, Director or agent of Neighbors Health, LLC, and he may be

served with process at 17515 Big Basin Lane, Humble, Harris County, Texas 77346, or anywhere where he may be found.

8.     Defendant DHARMESH PATEL is an individual who resides in Texas and at all times relevant to this action was an Officer and Director of Neighbors Health, LLC. Upon information and belief, Defendant DHARMESH PATEL is a Texas citizen residing in Harris County, and he may be served with process at 11002 Greenbay Street, Houston, Harris County, Texas 77024, or anywhere where he may be found.

9.     Defendant HITESH PATEL is an individual who resides in Texas and at all times relevant to this action was an Officer and Director of Neighbors Health, LLC, and he may be served with process at 11800 Astoria, Pearland, Brazoria County, Texas 77588, or anywhere where he may be found.

10.    Defendant SETUL G. PATEL is an individual who resides in Texas and at all times relevant to this action was President, Chief Executive Officer and a Director of Neighbors Health, LLC, and he may be served with process at 3 West Rivercrest Drive, Houston, Harris County, Texas 77042, or anywhere where he may be found.

11.    Defendant THOMAS G. GRUENERT is an individual who resides in Texas and at all times relevant to this action was an Officer of Neighbors Health, LLC, and he may be served with process at 13802 Cove Landing Lane, Rosharon, Brazoria County, Texas 77583, or anywhere where he may be found.

12.    Defendant LAUREN A. COTTON is an individual who resides in Texas and at all times relevant to this action was a Director of Neighbors Health, LLC, and she may be served with process at 500 Crawford Street #344, Houston, Harris County, Texas 77002, or anywhere where she may be found.

13. Defendant MAUREEN L. FUHRMANN is an individual who resides in Texas and at all times relevant to this action was an Officer and Director of Neighbors Health, LLC, and she may be served with process at 2011 San Miguel Drive, Friendswood, Houston, Harris County, Texas 77546, or anywhere where she may be found.

14. Defendant PAUL ALLEYNE is an individual who resides in Texas and at all times relevant to this action was a Director of Neighbors Health, LLC, and he may be served with process at 4807 Braesvalley Drive, Houston, Harris County, Texas 77096, or anywhere where he may be found.

15. Defendant MICHAEL L. CHANG is an individual who resides in Texas and at all times relevant to this action was an Officer, Director and Chairman of the Board of Neighbors Health, LLC, and he may be served with process at 2138 McClendon, Houston, Harris County, Texas 77030, or anywhere where he may be found.

16. Defendant QUANG HENDERSON is an individual who resides in Texas and at all times relevant to this action was an Officer or Director of Neighbors Health, LLC, and he may be served with process at 2414 Inwood Drive, Houston, Harris County, Texas 77019, or anywhere where he may be found.

17. Defendant JAMES THOMPSON is an individual who resides in Texas and at all times relevant to this action was the Director of Construction Development of Neighbors Health, LLC, and he may be served with process at 5803 De Lange Lane, Houston, Harris County, Texas 77092, or anywhere where he may be found.

## JURISDICTION AND VENUE

18. Jurisdiction is proper in this Court. Venue is properly maintainable in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code §§ 15.002 and 15.005. All

conditions precedent to the institution of this suit and Plaintiff's recovery have been performed, satisfied or have occurred.

## GENERAL ALLEGATIONS

19. By way of a *"Standard Form of Agreement Between Owner and Contractor where the basis of payment is the Cost of the Work Plus a Fee with a Guaranteed Maximum Price"*, AIA Document A102- 2007, GH Phipps and Neighbors Health, LLC ("NH") entered into an Agreement dated August 3, 2016 (the "NH Contract 1") for construction of a project known as "NEC Amarillo South Emergency Center, LP – Tenant Fit-Out Package" at 4121 S. Georgia Street., Amarillo, Texas 79110 (the "Amarillo Project".)

20. By way of a *"Standard Form of Agreement Between Owner and Contractor where the basis of payment is the Cost of the Work Plus a Fee with a Guaranteed Maximum Price"*, AIA Document A102- 2007, GH Phipps and NH also entered into an Agreement dated November 28, 2016 (the "NH Contract 2") for construction of a project known as "NEC Grand Prairie Emergency Center, LP – Tenant Fit-Out Package" at 725 West Pioneer Way, Grand Prairie, TX 75051 (the "GP Project".)

21. Pursuant to NH Contract 1, GH Phipps furnished labor, materials, and services for construction of the Amarillo Project. GH Phipps provided general contracting and project supervision services, and coordinated the work of subcontractors and delivery of equipment and supplies. GH Phipps' superintendents, crews and subcontractors performed work on the Amarillo Project, including punch-list items on the NH Contract 1 through at least October, 2017. GH Phipps paid its employees and all appropriate charges due to its subcontractors and suppliers, to the extent that GH Phipps has been paid. However, GH Phipps received no payment from NH under the NH Contract 1 for retainage in the amount of $179,697.14. After allowing for all

payments, appropriate credits and offsets, GH Phipps is owed at-least $179,697.14 for work that it has performed under NH Contract 1 for the purpose of improving the specified real property, including Change Orders.

22. Pursuant to NH Contract 2, GH Phipps furnished labor, materials, and services for construction of the GP Project. GH Phipps provided general contracting and project supervision services, and coordinated the work of subcontractors and delivery of equipment and supplies. GH Phipps' superintendents, crews and subcontractors performed work from March/April, 2016 through at-least September, 2017 on the GP Project. GH Phipps paid its employees and all appropriate charges from its subcontractors and suppliers. However, GH Phipps received no payment from NH since August, 2017 and has not been paid for a portion of the work performed in July 2017 through October, 2017 in the amount of $745,659.03, and for retainage in the amount of $191,320.33. After allowing for all payments, appropriate credits and offsets, GH Phipps is owed at least $936,979.36 for work that it has performed under the NH Contract 2 for the purpose of improving the specified real property, including Change Orders.

## COUNT ONE

### Breach of Texas Trust Fund Statute – Tex. Prop. Code § 162

23. The Texas Trust Fund Statute provides, in pertinent part:

> "[l]oan receipts are trust funds under this chapter if the funds are borrowed by a contractor, subcontractor, or <u>owner</u> or by an <u>officer, director,</u> or agent of a contractor, subcontractor, or <u>owner</u> for the purpose of improving specific real property in this state, and the loan is secured in whole or in part by a lien on the property."

Tex. Prop. Code Ann. § 162.001(b) (West) (emphasis added").

24. The Texas Trust Fund Statute further provides:

> "[a] .... <u>owner or an officer, director</u>, or agent of a contractor, subcontractor, or <u>owner</u>, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds."

Tex. Prop. Code Ann. § 162.002 (West).

25. Further, "[t]rust funds paid to a creditor under this chapter are not property or an interest in property of a debtor who is a trustee described by Section 162.002." Tex. Prop. Code Ann. § 162.001(d) (West).

26. Finally, the Texas Trust Fund Statute defines the beneficiaries of the trust as follows:

> "[a]n artisan, laborer, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or material for the construction or repair of an improvement on specific real property in this state is a beneficiary of any trust funds paid or received in connection with the improvement."

Tex. Prop. Code Ann. § 162.003(a) (West).

27. In this case, all labor, materials, and services for construction of the Amarillo and GP Projects were incorporated into the construction for both specified real properties in Texas.

28. Pursuant to and in compliance with NH Contracts 1 & 2, GH Phipps submitted Payment Applications to NH for all amounts owed to GH Phipps related to the labor, materials, and services provided for the Amarillo and GP Projects.

29. Upon information and belief, NH was fully paid for all labor, materials, and services provided at the Amarillo and GP Projects through one or more construction loans, which necessarily included compensation for the labor, materials, and services provided by GH Phipps on the Amarillo and GP Projects.

30. Pursuant Tex. Prop. Code § 162.001, the loan receipts received by NH and borrowed for the construction and for the labor, materials, and services GH Phipps provided to the

7

Amarillo and GP Projects were to be held in trust by NH to the extent necessary to make payment for labor, materials, and services provided by and procured by GH Phipps for the Amarillo and GP Projects. Pursuant to the statute, GH Phipps is a beneficiary of those loan receipts and NH, and its officers and directors, are trustees. Each of the Defendants had a duty to ensure the borrowed funds were held in trust for GH Phipps and tender the funds to no person or entity other than GH Phipps. It should be undisputed that the funds at issue were not tendered to GH Phipps, and upon information and belief each of the Defendants failed to hold such funds in trust for GH Phipps as required. The applicable loan receipts were not property of NH but were the trust funds held by the Defendants for the benefit of GH Phipps.

31. Pursuant to Tex. Prop. Code § 162, the failure of the Defendants to pay the funds to GH Phipps that NH received from its lender as compensation for labor, materials, and services provided by and procured by GH Phipps for the Amarillo and GP Projects, and/or to retain such funds for the benefit of GH Phipps, constitutes a violation of the Texas Trust Fund Statute.

32. Despite having a statutory obligation and a duty pursuant to Tex. Prop. Code § 162 to pay the funds it received from its lender to GH Phipps as compensation for labor, materials, and services provided by and procured by GH Phipps for the Amarillo and GP Projects in trust, and/or retain such funds for the benefit of GH Phipps, upon information and belief, each of the Defendants failed to do so and breached the Texas Trust Fund Statute.

33. Upon information and belief, Defendants BRUCE W. MCVEIGH, TENSIE AXTON, ANDY CHEN, CYRIL GILLMAN, DHARMESH PATEL, HITESH PATEL, SETUL G. PATEL, THOMAS G. GRUENERT, LAUREN A. COTTON, MAUREEN L. FUHRMANN, PAUL ALLEYNE, MICHAEL L. CHANG, QUANG HENDERSON and JAMES THOMPSON acted as officers, directors, or agents of NH who, at all times relevant to this lawsuit, are believed

8

to have had control over trust funds held by NH for the Amarillo and GP Projects. As such, each of said Defendants had a duty to ensure the borrowed funds were held in trust for the benefit of GH Phipps and/or tendered to GH Phipps

34. Pursuant to Tex. Prop. Code § 162.031(a) and *Lively v. Carpet Services, Inc.* 904 S.W.2d 868, 871-873 (Tex. App.--Houston [1st Dist.] 1995, writ denied), Defendants BRUCE W. MCVEIGH, TENSIE AXTON, ANDY CHEN, CYRIL GILLMAN, DHARMESH PATEL, HITESH PATEL, SETUL PATEL, THOMAS GRUENERT, LAUREN A. COTTON, MAUREEN L. FUHRMANN, PAUL ALLEYNE, MICHAEL L. CHANG, QUANG HENDERSON and JAMES THOMPSON are individually liable to GH Phipps as a result of their failure to tender the trust funds to GH Phipps, hold the funds in trust for the benefit of GH Phipps and/or for the misapplication of trust funds held for labor, materials, and services provided by and procured by GH Phipps for the Amarillo and GP Projects.

## CONDITIONS PRECEDENT

35. Pursuant to Rule 54, Tex. R. Civ. P., all conditions precedent to the relief requested herein as against Defendants, have been performed, satisfied, waived or otherwise excused by operation of law.

## REQUESTS FOR DISCLOSURES

36. Plaintiff requests the disclosure by Defendants of the information required by Rule 194, within thirty (30) days of service of this instrument.

## PRAYER

THEREFORE, PREMISES CONSIDERED, Plaintiff GERALD H. PHIPPS, INC. D/B/A GH PHIPPS CONSTRUCTION CO. prays that Defendants, BRUCE W. MCVEIGH, TENSIE AXTON, ANDY CHEN, CYRIL GILLMAN, DHARMESH PATEL, HITESH PATEL, SETUL

PATEL, THOMAS GRUENERT, LAUREN A. COTTON, MAUREEN L. FUHRMANN, PAUL ALLEYNE, MICHAEL L. CHANG, QUANG HENDERSON, be cited to appear and answer herein, and that on final judgment herein the Court find in favor of Plaintiff GH Phipps on all issues and that Plaintiff GH Phipps receive judgment and award against Defendants, BRUCE W. MCVEIGH, TENSIE AXTON, ANDY CHEN, CYRIL GILLMAN, DHARMESH PATEL, HITESH PATEL, SETUL PATEL, THOMAS GRUENERT, LAUREN A. COTTON, MAUREEN FURMAN, PAUL ALLEYNE, MICHAEL L. CHANG, QUANG HENDERSON and JAMES THOMPSON, jointly and severally, as follows:

(a) At least the unpaid balances of $936.979.36 and $179,697.14 in actual damages;

(b) Plus pre-judgment and post-judgment interest at the maximum legal rate;

(c) Plus all costs of court in the trial court and all appellate courts; and

(f) all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

ANDREWS MYERS, P.C.

By: /s/ Lisa M. Norman
LISA M. NORMAN
State Bar No. 24037190
Lnorman@andrewsmyers.com
T. JOSH JUDD
State Bar No. 24036866
jjudd@andrewsmyers.com
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713-850-4200 – Telephone
713-850-4211 – Facsimile

ATTORNEYS FOR PLAINTIFF
GERALD H. PHIPPS, INC. D/B/A
GH PHIPPS CONSTRUCTION CO.

10